UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONSERVANCY OF SOUTHWEST FLORIDA;
SIERRA CLUB; CENTER FOR BIOLOGICAL
DIVERSITY; PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY; AND
COUNCIL OF CIVIL ASSOCIATIONS, INC.,

                Plaintiffs,

-vs-                                                      Case No. 2:10-cv-106-FtM-JES-SPC

UNITED STATES FISH AND WILDLIFE
SERVICE; ROWAN GOULD, in his official
capacity as Director of the U.S. Fish and Wildlife
Service; UNITED STATES DEPARTMENT OF
INTERIOR; AND KENNETH SALAZAR, in his
official capacity as Secretary of the Department of
Interior,

                Defendants.
_____/

# ORDER

This matter comes before the Court on the Intervenor, Eastern Collier Property Owners' (ECPO) Motion to Intervene in Support of Defendants (Doc. #17) filed on April 21, 2010. The Plaintiffs filed their Response in Opposition (Doc. # 20) on May 6, 2010, and ECPO filed a Reply in Support of Intervention on May 21, 2010. The Motion is now ripe for review.

Under Fed. R. Civ. P 24(a) a party has a right to intervene if the applicant has a claim or interest in the case. Rule 24 reads in pertinent part:

> [u]pon timely application anyone shall be permitted to intervene in and action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair

or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). "In this circuit, a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002) (quoting Federal Savings and Loan Ins. Corp. v. Falls Chase Special Taxing District, 983 F.2d 211, 215 (11th Cir. 1993)). If each of these four requirements are met, the court must allow the party to intervene in the action. TIG Specialty Ins. Co., 208 F.R.D. at 337.

Rule 24(a) imposes a timeliness requirement on motions to intervene, however, unlike timing elements in some other Federal Rules, the actual time limits are not set out in Rule 24(a). *See* Heaton v Monogram Credit Card Bank of Georgia, 297 F.3d 416 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances). Generally Courts consider four factors in making a determination of timeliness: (1) length of delay in seeking intervention; (2) prejudicial impact of such delay on the existing parties; (3) prejudice to the intervenor if intervention is denied; and (4) other factors affecting fairness in an individual case. *See* Steven Baicker-Mckee, William M. Janssen, and John B. Corr, *Federal Civil Rules Handbook 2005*, Pt. III 551 (West 2005) (a brief but thorough discussion with relevant citations of law regarding timing issues under Rule 24).

As grounds for the intervention, ECPO states that it is an unincorporated association of companies involved in land development in Eastern Collier County. ECPO's members own, use, and develop land that Plaintiffs seek to have designated as critical habitat for the Florida panther, and claim an interest in permit-based rights to use and enjoy these lands that is the subject of this

litigation. ECPO states that its interest in the properties may be impaired or impeded unless its interests are adequately represented as it has ongoing projects for this land that would be immediately impacted by any order in this case. At this point in the proceedings, the Court finds that no other parties to the litigation are adequately representing its interest in the property which is the subject of this action, as ECPO owns and develops this land.

The original complaint was filed by the Plaintiffs on February 19, 2010, and the Intervenor filed its Motion on April 21, 2010. The Court finds that the Motion to Intervene is timely filed. Since the Intervenor has a unique claim in the property that is currently unrepresented, such as potential legal prohibitions and restrictions on the otherwise lawful use of the property and potential new procedural requirements on ongoing and future projects, the Court finds good cause to grant the Motion to Intervene. Accordingly, it is now

**ORDERED:**

(1) Eastern Collier Property Owners' Motion to Intervene in Support of Defendants (Doc. #17) is **GRANTED**. Eastern Collier Property Owners' is admitted to the case as a party Defendant.

(2) Eastern Collier Property Owners' request to file an answer within 20 days is **GRANTED**. An answer, or other responsive pleading, shall be filed on or before **June 27, 2010**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th____ day of June, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record