# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

CONSERVANCY OF SOUTHWEST FLORIDA;
SIERRA CLUB; CENTER FOR BIOLOGICAL
DIVERSITY; PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY; AND
COUNCIL OF CIVIL ASSOCIATIONS, INC,

                Plaintiffs,

-vs-                                      Case No.  2:10-cv-106-FtM-SPC

UNITED STATES FISH AND WILDLIFE
SERVICE; ROWAN GOULD[1], in his official
capacity as Director of the U.S. Fish and Wildlife
Service; UNITED STATES DEPARTMENT OF
INTERIOR; AND KENNETH SALAZAR, in his
official capacity as Secretary of the Department of
Interior,

                Defendants,

and

EASTERN COLLIER PROPERTY OWNERS
AND SEMINOLE TRIBE OF FLORIDA;

                Defendant-
Intervenors
_____/

## ORDER

    This matter comes before the Court on Plaintiffs' Motion to Compel Filing of Administrative

Record and to Stay Defendants' and Intervenor's Motions to Dismiss Pending Filing of Record

(Doc. #49) filed on July 16, 2010.  The Federal Defendants and Defendant-Intervenor the Eastern

---

[1]In his official capacity, Acting Director Rowan Gould is substituted in place of Sam Hamilton pursuant to Fed. R. Civ. Proc. 25(d).

Collier Property Owners (ECPOs) filed their Responses on July 23, 2010 (Docs. #55, 56).  The Motion is now ripe for review.  Also pending before the Court is Plaintiffs' Unopposed Motion for Extension of Time to Respond to Motions of Florida Fish and Wildlife Conservation Commission and Florida Wildlife Federation et al. For Leave to File Amicus Curiae Briefs in Support of Pending Motion to Dismiss (Doc. #57) filed on July 27, 2010.

On February 18, 2010, the Plaintiffs filed the instant suit against the U.S. Fish and Wildlife Service, Rowan Gould as Acting Director of the Service, the United States Department of the Interior, and Ken Salazar as Secretary of the Interior ("the Federal Defendants").  Plaintiffs seek injunctive and declaratory relief requiring the Federal Defendants to initiate rulemaking to establish critical habitat for the Florida panther and a judicial declaration that the Service's denial of the Petitions: (1) failed to comply with Sections 2, 3, and 7 of the Endangered Species Act; (2) was arbitrary or capricious; (3) was an abuse of discretion; (4) was not in accordance with the law; (5) did not observe lawfully required procedure; and (6) was contrary to § 706(2)(A) and (D) of the Administrative Procedures Act.

In the instant Motion, Plaintiffs move to compel the filing of the Administrative Record with the Court.  Plaintiffs request this relief in connection with the pending Motions to Dismiss filed by the Federal Defendants and ECPOs, arguing that they need the Administrative Record in order to respond to the Motions.  In support, Plaintiffs argue that the Motions to Dismiss raise matters outside the pleadings and are based on selective portions of the Administrative Record and numerous extra-record documents.  Defendants refuse to produce the record until its Motion to Dismiss is ruled on, arguing that the pending Motions to Dismiss are based on the pleadings, and the legal issues raised therein do not require consideration of the Administrative Record.

After reviewing the pending Motions to Dismiss, the Court agrees that the basis that Defendants are raising for dismissal of this case are legal issues that do not require production of the Administrative Record.  The Motions request that the Court determine whether the challenged decision are committed to agency discretion by law and whether the statutory and regulatory provisions of the ESA upon which Plaintiffs rely are applicable to this case.  Defendants' Motion to Dismiss raise threshold issues that this Court must determine before examining the merits of the case, including whether the claims raised by Plaintiffs are even reviewable under the jurisdiction of this Court and whether Plaintiffs state a claim upon which relief may be granted.  For this, the Court will look to the provisions of the Endangered Species Act and the Administrative Procedures Act. *See* Sierra Club v. U.S. Fish and Wildlife Service, 245 F.3d 434, 440 n.37 (5th Cir. 2001) (finding that "[o]ur review is limited to interpreting the extent to which the regulation is consistent with the statute - a task which we are competent to perform without the administrative record.").  Thus, the Motion is due to be denied.

Accordingly, it is now

**ORDERED:**

(1)     Plaintiffs' Motion to Compel Filing of Administrative Record and to Stay Defendants' and Intervenor's Motions to Dismiss Pending Filing of Record (Doc. #49) is **DENIED**.

(2)     On July 22, 2010, the Court granted Plaintiffs an extension of time  to respond to the pending Motions for Leave to File Amicus Briefs until 20-days after the Court rules on the instant Motion.   Thus, Plaintiffs shall respond to the pending Motions to Dismiss by **August 24, 2010.**

(3)    Plaintiffs' Unopposed Motion for Extension of Time to Respond to Motions of Florida Fish and Wildlife Conservation Commission and Florida Wildlife Federation et al. For Leave to File Amicus Curiae Briefs in Support of Pending Motion to Dismiss (Doc. #57) is **GRANTED**.   The Court will give Plaintiffs an additional 10 days after their responses to the Motions to Dismiss are filed to respond to the Motions for Leave to File Amicus Curiae Briefs.   Thus, Plaintiffs shall respond to the Motions for Leave to File Amicus Curiae Briefs by **September 3, 2010**.

**DONE AND ORDERED** at Fort Myers, Florida, this   4th   day of August, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record