**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CONSERVANCY OF SOUTHWEST FLORIDA;
SIERRA CLUB; CENTER FOR BIOLOGICAL
DIVERSITY; PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY; AND
COUNCIL OF CIVIL ASSOCIATIONS, INC,

                    Plaintiffs,

-vs-                                    Case No.  2:10-cv-106-FtM-SPC

UNITED STATES FISH AND WILDLIFE
SERVICE; SAM HAMILTON, in his official
capacity as Director of the U.S. Fish and Wildlife
Service; UNITED STATES DEPARTMENT OF
INTERIOR; AND KENNETH SALAZAR, in his
official capacity as Secretary of the Department of
Interior,

                    Defendants.
_____/

**ORDER**

      This matter comes before the Court on Motion for Leave to File Amicus Curiae Memorandum of Law in Support of Federal Defendants' Motion to Dismiss Amended Complaint (Doc. #50) filed on July 19, 2010.  Plaintiff filed its Response (Doc. #77) on September 3, 2010.  Also before the Court is Motion of Amicus Curiae Florida Fish and Wildlife Conservation Commission for Leave to File (Doc. #52) filed on July 19, 2010.  Plaintiff filed its Response (Doc. #76) on September 3, 2010.  The Motions are now ripe for review.

      It is well-settled that a district court has broad discretion to grant the request of a non-party to file an amicus brief.  "Inasmuch as an amicus is not a party and 'does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to

determine the fact, extent, and manner of participation by the amicus.'" News and Sun-Sentinel Co. v. Cox, 700 F. Supp. 30, 31 (S.D. Fla. 1988) (citation omitted); *see also* Resort Timeshare Resales, Inc. v. Stuart, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991) ("The district court has the inherent authority to appoint amici curiae, or 'friends of the court,' to assist it in a proceeding." (footnote omitted)); James Square Nursing Home, Inc. v. Wing, 897 F. Supp. 682, 683 n.2 (N.D.N.Y. 1995) ("The district court has broad inherent authority to permit or deny an appearance as amicus curiae in a case."). Courts have recognized that permitting friends of the court may be advisable where the third parties can contribute to the court's understanding of the matter in question. *See* Harris v. Pernsley, 820 F.2d 592, 603 (3d Cir. 1987). Generally, a district court grants amicus curiae status where: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." Liberty Resources, Inc. v. Philadelphia Housing Authority, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005).

In their Motion, the Florida Wildlife Federation, Collier County Audubon Society, Inc., and Florida Audubon Society ("Movants") assert they should be granted amicus curiae status because of their decades of involvement in advocacy and litigation for the protection and recovery of the Florida Panther. They further state that "their memorandum of law on the issue of the Federal Defendants' exercise of their discretion will assist the Court in its review of the Federal Defendants' Motion to Dismiss." (Movant's Br. at 1-2). Plaintiffs object on multiple grounds, one being that the Movants' amicus curiae brief is not relevant to the Motion to Dismiss. Specifically, the Plaintiffs argue that the proposed Memorandum of Law has no bearing on the issue presented by the Motions to Dismiss, which is whether the U.S. Fish and Wildlife Service's alleged discretion in designating

critical habitat for the Panther relieves it of compliance with the Administrative Procedures Act, 5 U.S.C. § 706(2)(A).

The Plaintiff's objection is well taken. The Court has previously noted that the issues raised by the pending Motions to Dismiss are purely legal issues. After reviewing the pending Motions to Dismiss, the Court agrees that the basis that Defendants are raising for dismissal of this case are legal issues. The Motions request that the Court determine whether the challenged decisions are committed to agency discretion by law and whether the statutory and regulatory provisions of the ESA upon which Plaintiffs rely are applicable to this case. Defendants' Motion to Dismiss raise threshold issues that this Court must determine before examining the merits of the case, including whether the claims raised by Plaintiffs are even reviewable under the jurisdiction of this Court and whether Plaintiffs state a claim upon which relief may be granted. There will be no determination by the Court when deciding the Motions to Dismiss on the merits of the Federal Defendants' actions in denying the Plaintiffs' petitions. The Court is not reviewing the agency's decision under the APA, but rather is only determining whether the agency's decision is even reviewable under the APA. The Movants' opinions contained in their proposed Memorandum of Law comment that the designation of critical habitat for the Florida Panther is not the correct protection to afford the Panther. Thus, their participation at this point in the proceedings would not be useful to the Court in evaluating Defendants' Motions and Movants' Motion for Leave to File Amicus Curiae Brief is due to be denied without prejudice. Movants may seek leave of Court to refile if and when this Court determines it has jurisdiction to review the decision made by the Agency.

For these same reasons as stated above, the Florida Fish and Wildlife Commission's Motion is due to be denied as well with leave to refile.

Accordingly, it is now

**ORDERED:**

Motion for Leave to File Amicus Curiae Memorandum of Law in Support of Federal Defendants' Motion to Dismiss Amended Complaint (Doc. #50) is **DENIED without prejudice**.

Motion of Amicus Curiae Florida Fish and Wildlife Conservation Commission for Leave to File (Doc. #52) is **DENIED without prejudice**.

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of September, 2010.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record